

**U.S. Department of Justice**

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

February 26, 2020

Stellio Sinnis, Esq.
Office of the Federal Public Defender
51 Sleeper Street
Boston, Massachusetts 02210

Re:  United States v. Tyrell Hampton
     Criminal No. 1:19-cr-10261-NMG

Dear Mr. Sinnis:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Tyrell Hampton ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.  Change of Plea

Defendant will plead guilty to Count One of the Indictment: possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Defendant admits that he committed the crime specified in this Count and is in fact guilty..

Defendant agrees to the accuracy of the enclosed Statement of Facts.

2.  Penalties

Defendant faces the following maximum penalties: incarceration for ten years; supervised release for three years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

Defendant understands that, if he is not a United States citizen, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from

1

the United States.

3. Sentencing Guidelines

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 23:

   a) Defendant's base offense level is 24, because he committed the offense after sustaining two felony convictions for a controlled substance offense (USSG § 2K2.1(a)(2));

   b) Defendant's offense level is increased by 2, because Defendant possessed at least three firearms (USSG § 2K2.1(b)(1)(A)); and

   c) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant reserves the right to argue for a different calculation under the Guidelines.

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (him or through counsel) indicates that he does not fully accept responsibility for the crimes he is pleading guilty to committing; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration for a term not to exceed the low end of the Guidelines sentencing range resulting from the offense level as calculated by the parties in Paragraph 3 and the criminal history category as calculated by the Court at sentencing;

   b) 24 months of supervised release;

c) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

d) forfeiture as set forth in Paragraph 6.

The parties agree that Defendant is free to recommend an alternate sentence.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) He will not challenge his <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles,

3

currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William F. Abely.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
LORI J. HOLIK
Chief, Major Crimes Unit

_____
William F. Abely
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Tyrell Hampton
Defendant

Date: _____

I certify that Tyrell Hampton has read this Agreement and that we have discussed what it means. I believe Tyrell Hampton understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Stellio Sinnis
Attorney for Defendant Tyrell Hampton

Date: 2/26/20

## STATEMENT OF FACTS

1. In or around April 2019, Defendant began purchasing firearms from an individual who operated a warehouse in Taunton, Massachusetts. This individual had been acquiring firearms in Georgia and transporting them to Massachusetts.

2. After purchasing these firearms, Defendant offered the firearms for sale to various individuals using text messaging and social media.

3. On June 27, 2019, Defendant sent text messages offering to sell firearms to a police officer who was acting in an undercover capacity. That same day, Defendant met with the undercover officer and sold the following items to the officer in exchange for $2,200 cash: a Taurus 9mm Luger caliber pistol and a Glock 9mm Luger caliber pistol, with 21 rounds of 9mm Luger caliber ammunition.

4. ATF later determined that both of these pistols had been purchased in Georgia.

5. At the time of these events on June 27, 2019, Defendant knew that he had been convicted of multiple felony offenses, including an offense for which he was sentenced to two years of committed time.